Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000601
28-DEC-2016
08:39 AM

NO. CAAP-15-0000601

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GREGORY DEAN KAUFMAN, Plaintiff-Appellee, v.
MERRILL LINDA KAUFMAN, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 13-1-0027)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Merrill Linda Kaufman (Wife) appeals from the July 28, 2015 post-judgment order of the Family Court of the Second Circuit (Family Court)[1] on Wife's post-judgment motion to clarify the scope of Anthony Ranken's (Ranken) disqualification from participating in Wife's mediation of child-custody issues with her former husband, Plaintiff-Appellee Gregory Dean Kaufman (Husband).

On appeal, Wife argues the Family Court erred in its July 28, 2015 order on Wife's motion for post-decree relief by ordering Wife to participate in mediation with her ex-husband while prohibiting her from discussing any of those issues with Ranken, Wife's then fiancé, in violation of her right to free speech guaranteed by the United States Constitution and the Hawai'i State Constitution.

After reviewing the parties' arguments, the record on appeal, and relevant legal authorities, we resolve Wife's points on appeal as follows:

_____

[1]      The Honorable Keith A. Tanaka presided.

Wife has waived any argument that the Family Court's July 28, 2015 order violates her constitutional rights because she failed to raise this issue below. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 500, 164 P.3d 696, 758 (2007) (citing Kemp v. State of Hawai'i Child Support Enf't Agency, 111 Hawai'i 367, 391, 141 P.3d 1014, 1038 (2006)).

Moreover, the constitutionality of the Family Court's order is not ripe for consideration on plain error review. Bitney v. Honolulu Police Dep't, 96 Hawai'i 243, 251, 30 P.3d 257, 265 (2001) (the appellate court will consider "whether consideration of the issue requires additional facts; whether the resolution of the question will affect the integrity of the findings of fact of the trial court; and whether the question is a question of great public importance." (internal quotation marks omitted) (quoting Jorgensen Co. v. Mark Constr. Inc., 56 Haw. 466, 476, 540 P.2d 978, 985 (1975)).

However, the Family Court's order was extraordinary insofar as it forbade Wife from conferring with Ranken "on any outstanding or unresolved mediated matters" outside of the mediation sessions. While the legislature has authorized the family court to order parties to mediate "subject to terms and conditions imposed by the court," Hawai'i Family Court Rules (HFCR) 53.1,[2] this inherent power is not without limit.

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

---

[2] HFCR 53.1 states:

> (a) **Authority to Order.** The court, sua sponte or upon motion by a party, may, in exercise of its discretion, order the parties to participate in a nonbinding Alternative Dispute Resolution process (ADR or ADR process) subject to terms and conditions imposed by the court. ADR includes mediation or other such process the court determines may be helpful in encouraging an economic and fair resolution of all or any part of the disputes presented in the matter.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

The Family Court did not cite to any authority, and we find none, that authorizes a ban on a party's communications outside of the mediation sessions themselves, even when it might not exceed the bounds of reason to exclude non-parties from being present at or participating in the mediation. We therefore conclude that the strict limitation on Wife's communications with Ranken was an abuse of discretion. More specifically, the court's prohibition forbidding Wife to speak with Ranken about any outstanding or unresolved mediated matters during mutually agreed breaks or between mediation sessions, either in person or over the telephone or through another medium, constitutes an abuse of discretion.

For the foregoing reasons, the July 28, 2015 post judgment "Order Re: Defendant's Motion for Post-Decree Relief Filed May 26, 2016" entered by the Family Court of the Second Circuit is vacated and the matter is remanded for further proceedings.

DATED: Honolulu, Hawai'i, December 28, 2016.

On the briefs:

Mimi Desjardins,
for Defendant-Appellant.

Stephanie A. Rezents and
Thomas E. Crowley,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3